**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DANIEL FLOYD REYNOLDS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CAROLYN W. COLVIN,** )<br>**Acting Commissioner of Social Security,** )<br>)<br>**Defendant.** )<br>_____ ) | **CIVIL ACTION**<br><br>**No. 13-1420-JWL** |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's evaluation of the medical opinions, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.   Background**

Plaintiff applied for SSD and SSI, alleging disability beginning April 10, 2010. (R. 24, 164-65, 171-74). Plaintiff exhausted proceedings before the Commissioner, and

now seeks judicial review of the final decision denying benefits.  He alleges the Administrative Law Judge (ALJ) erred in evaluating the record medical opinions, and erroneously concluded at step four of the sequential evaluation process that Plaintiff is able to perform his past relevant work as a pipe cutter.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show jobs in the economy within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ erred in evaluating the medical opinions. Because a proper evaluation of the medical opinions will require a new RFC assessment, potentially affecting the ALJ's step four finding, it would be premature at this time to evaluate the alleged errors at step four of the sequential evaluation process. Plaintiff may address this issue to the Commissioner on remand.

## II.     Evaluation of the Medical Opinions

Plaintiff claims the ALJ erred in according "substantial weight" to the opinions of the state agency non-examining source physicians and psychologist, Dr. Siemsen, Dr. Blum, and Dr. Reed, because the opinions of such medical sources are entitled to the least weight, and when unaccompanied by thorough written reports or persuasive testimony they are not substantial evidence. He argues that because these medical opinions were provided without the benefit of consideration of over a year's worth of treatment records and of the opinions of Plaintiff's treating psychiatrist, Dr. Patriarca, these opinions are suspect. And, he argues that the ALJ's finding that these opinions were consistent with the medical evidence or the longitudinal record is an insufficient basis to accord greater weight to them than to the opinions of treating and non-treating sources. Plaintiff argues that the ALJ erred in discounting Dr. Patriarca's opinion because it was based on a one-time visit, and because Dr. Patriarca apparently relied heavily and without question on

Plaintiff's subjective report of symptoms. He argues that the ALJ did not provide legitimate reasons to discount the opinion. Finally, Plaintiff argues that the reasons given to discount the examination report of Dr. Schwartz are erroneous and insufficient.

The Commissioner argues that the ALJ gave good reasons for the weight accorded to the medical opinions. She argues that it is not error to consider opinion forms provided by state agency physicians and psychologists, because the regulations require that they are entitled to consideration, and Plaintiff's argument focuses excessively on the single factor of a treating or examining relationship. She notes Social Security Ruling (SSR) 96-6p's admonition that the opinions of state agency physicians and psychologists may be entitled to greater weight than opinions of treating or non-treating sources "[i]n appropriate circumstances." (Comm'r Br. 8-9) (quoting SSR 96-6p). She argues that the ALJ did not rely on the state agency opinions exclusively to support his RFC assessment, and points to record evidence which, in her view, is consistent with those opinions. The Commissioner also argues that the ALJ gave good reasons for discounting the opinions of Dr. Schwartz and Dr. Patriarca, noting that the ALJ agreed with Dr. Blum regarding Dr. Schwartz's opinion, and arguing that Dr. Patriarca's marked limitations in mental abilities is at odds with the other record evidence.

### A.   **Standard for Evaluating Medical Opinions**

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis."

20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).  Such opinions may not be ignored and, unless a treating source[1] opinion is given controlling weight, all medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations.  Id. §§ 404.1527(c), 416.927(c); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2014).  A physician or psychologist who has treated a patient frequently over an extended period of time is expected to have greater insight into the patient's medical condition, and his opinion is generally entitled to "particular weight."  Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003).  But, "the opinion of an examining physician [(a nontreating source)] who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion."  Id. at 763 (citing Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995)).  However, opinions of non-treating sources are generally given more weight than the opinions of non-examining sources who have merely reviewed the medical record.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004); Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987) (citing Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983), Whitney v. Schweiker, 695 F.2d

---

[1]The regulations define three types of "acceptable medical sources:"

"Treating source:"  an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship.  20 C.F.R. §§ 404.1502, 416.902.
"Nontreating source:"  an "acceptable medical source" who has examined the claimant, but never had a treatment relationship.  Id.
"Nonexamining source:"  an "acceptable medical source" who has not examined the claimant, but provides a medical opinion.  Id.

6

784, 789 (7th Cir. 1982), and <u>Wier ex rel. Wier v. Heckler</u>, 734 F.2d 955, 963 (3d Cir. 1984)).

"If [the Commissioner] find[s] that a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) [(1)] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and [(2)] is not inconsistent with the other substantial evidence in [claimant's] case record, [the Commissioner] will give it controlling weight." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); <u>see also</u>, SSR 96-2p, West's Soc. Sec. Reporting Serv., Rulings 111-15 (Supp. 2014) ("Giving Controlling Weight to Treating Source Medical Opinions").

If the treating source opinion is not given controlling weight, the inquiry does not end. <u>Watkins v. Barnhart</u>, 350 F.3d 1297, 1300 (10th Cir. 2003). A treating source opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." <u>Id.</u> Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. <u>Id.</u> at 1301; 20 C.F.R. §§ 404.1527(c)(2-6), 416.927(c)(2-6); <u>see also</u> <u>Drapeau v. Massanari</u>, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing <u>Goatcher v.</u>

Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).  However, the court will not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300).

After considering the factors, the ALJ must give reasons for the weight he gives the opinion.  Watkins. 350 F.3d at 1301.  "[I]f the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so."  Id.  (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quotation marks omitted).

### B. The ALJ's Evaluation of the Medical Opinions

For reasons which will become apparent as the court evaluates the decision below, the court reproduces the ALJ's complete analysis with regard to the medical opinions:

> As for the opinion evidence, the undersigned has considered the opinion of the claimant's treating physician, **Virginia Patriarca, M.D.** dated October 3, 2011 (exhibit 11F), who indicated the claimant was markedly limited in 9 out of the 20 areas of mental functioning [sic]$^2$ and is unable to give this opinion controlling weight.  Dr. Patriarca based this opinion on a one-time visit and apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant and seemed to uncritically accept as true most, if not all, of what the claimant reported.  Yet, as explained elsewhere in this decision, there exist good reasons for

---

$^2$The explanatory phrase "who indicated the claimant was markedly limited in 9 out of the 20 areas of mental functioning," apparently should have been set off by commas (or perhaps parentheses?) because it relates to Dr. Patriarca whereas the next phrase, "is unable to give this opinion controlling weight," is the second of a pair of predicate phrases, and relates back to the subject of the sentence, "the undersigned."

questioning the reliability of the claimant's subjective complaints. This opinion is given **little weight.**

**Gerald Siemsen, M.D.,** a State agency medical consultant, reviewed the evidence and on November 16, 2010, affirmed the opinion of a state agency non-medical consultant (exhibits 9F; 5A). Although the doctor did not examine the claimant, his opinion that the claimant can perform a medium range of work is consistent with the medical evidence. Dr. Siemsen's opinion is given **substantial weight.**

Pursuant to SSR 96-6p, the undersigned has considered the opinion rendered by the State agency psychological consultant **Robert H. Blum, Ph.D.** dated August 27, 2010 (exhibits 5F and 6F), that was affirmed by **Robin R. Reed, M.D.** on November 16, 2010 (exhibit 10F). Dr. Blum and Dr. Reed reviewed all of the evidence available at that time, and they are familiar with agency rules. Their opinions concerning the claimant's limitations are well-founded in the longitudinal record and are given **substantial weight.**

The undersigned has considered the limitations set out by **Michael H. Schwartz, Ph.D.,** a consulting examiner, who indicated that the claimant might have some memory impairment, which would interfere with his functioning on the job, did appear to have an impaired ability to perceive appropriate social interactions and a history of depression with suicide attempts in the past [(which?)] suggest the claimant would have difficulty being reliable on the job (exhibit 3F). The undersigned is in agreement with Robert H. Blum, Ph.D. who opined on August 27, 2010 (exhibit 7F), that Dr. Schwartz's opinion is based on one test and self-report. It is also inconsistent with the claimant's employer, who states the claimant had no problems in maintaining adequate pace and production and or indication of memory problems. Further, the claimant's activities of daily living indicate that he is frequently on the computer and completes many daily tasks. Based upon these reasons, Dr. Schwartz's opinion is given **little weight.**

(R. 33-34) (bold emphases in original).

### C.     Analysis

Although Plaintiff did not begin his argument with a consideration of the ALJ's evaluation of Dr. Patriarca's treating source opinions, the ALJ's analysis began with that

9

discussion and the standard for evaluating medical opinions requires that an ALJ first consider whether a treating source opinion is worthy of controlling weight. In accordance with the legal standard, and because the question before the court on judicial review of a Social Security decision is always whether <u>the decision</u> reflects that the correct legal standard was applied, and whether <u>the decision</u> is supported by record evidence, the court begins its analysis with consideration of the ALJ's evaluation of Dr. Patriarca's opinion.

The court finds that in the circumstances presented here the record evidence does not support the ALJ's determination to accord "little weight" to Dr. Patriarca's opinion. As Plaintiff's brief suggests, Dr. Patriarca completed a "Mental Residual Functional Capacity Assessment" form for Plaintiff on October 3, 2011, stated that she had "seen this patient 2 times at the time of completion of this assessment" (R. 360), opined that Plaintiff is "Markedly Limited" in nine out of twenty mental functional abilities, and presented that form to the Social Security Administration attached to sixteen pages of treatment records from the High Plains Mental Health Center, at which Dr. Patriarca treated Plaintiff. (R. 358-77). Those records reveal that an "Entry Report" was completed at a visit on July 11, 2011 (R. 362-74) and a "Medication Management Document" was completed at a visit on September 7, 2011. (R. 375-77). Thus, there can be no doubt that the ALJ erred in finding, without any explanation regarding the ambiguity, that Dr. Patriarca's opinion was based on a one-time visit. Moreover, the record contains another "Mental Residual Functional Capacity Assessment" form completed by Dr. Patriarca on January 26, 2012 (R. 413-16), and additional treatment

records from the High Plains Mental Health Center. The additional treatment records document that Plaintiff was treated by Dr. Patriarca on August 5, 2011, September 7, 2011, October 7, 2011, and November 28, 2011. (R. 378-412). In the second Mental RFC Assessment form, after at least four personal treatment sessions with Plaintiff, Dr. Patriarca opined that Plaintiff is "Markedly Limited" in eleven of twenty mental functional abilities. The ALJ did not even acknowledge the second form.

The other reason given by the ALJ to discount Dr. Patriarca's opinion was that Dr. Patriarca "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant and seemed to uncritically accept as true most, if not all, of what the claimant reported." (R. 33). Within the Tenth Circuit an ALJ may discount the opinion of a treating physician if that opinion is based primarily on the claimant's subjective complaints, but only if there is an evidentiary basis for that finding taken from the physician's records. Victory v. Barnhart, No. 03-7129, 121 F. App'x. 819, 823-24 (10th Cir. 2005). Where the ALJ has no evidentiary basis for finding that a treating physician's opinion is based only on claimant's subjective complaints, his conclusion to that effect is merely speculation which falls within the prohibition of McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002). Langley v. Barnhart, 373 F.3d 1116, 1121 (10th Cir. 2004). Here, the ALJ failed to point to an evidentiary basis in Dr. Patriarca's records which justified his finding. Both reasons given by the ALJ to discount Dr. Patriarca's opinion are not supported by record evidence. Therefore, the

Commissioner has not provided specific, legitimate reasons to discount that treating source opinion, and remand is necessary.

In a similar fashion, the court must find that the determination to accord "substantial weight" to the opinions of Dr. Siemsen, Dr. Blum, and Dr. Reed is not supported by the record evidence, and it will not spend a great deal of time belaboring that point. The ALJ credited the opinions of Drs. Blum and Reed because those specialists are familiar with agency rules, because they reviewed all of the available evidence, and because their opinions "are well-founded in the longitudinal record." (R. 33). He credited Dr. Siemsen's opinion because it "is consistent with the medical evidence." Id. In each case, the ALJ determined that the opinion is consistent with the record evidence, but nowhere did he explain the evidence with which it is consistent, or distinguish the evidence with which it is not consistent. The court does not hereby intend to imply that an ALJ must state that he finds the opinion consistent with the evidence and then immediately list all of the record evidence he finds to be consistent. As the Tenth Circuit has explained, an "ALJ's decision [must only be] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Oldham, 509 F.3d at 1258 (quoting Watkins, 350 F.3d at 1300). But, the consistencies on which the ALJ relies must be clear from the decision. Here the "Medical Opinions" were considered in a separate section of the decision, but the entire decision does not clarify the consistencies upon which the ALJ relied. Moreover, with regard to Plaintiff's mental impairments and treatment, the

decision reveals numerous inconsistencies between the opinions of Drs. Blum and Reed and the remainder of the evidence. (R. 30-31). This is error requiring remand.

Finally, the court notes that the record is by no means clear that "Dr. Schwartz's opinion is based on one test and self-report" as the ALJ found. (R. 31); see also (R. 340) (Dr. Blum's "Report of Contact) ("The examining psychologist's conclusion is based on one test and self-report."). Moreover, it is not even clear what the ALJ and/or Dr. Blum meant by that statement. What is the one test that was used? What is the self-report upon which Dr. Schwartz's opinion is allegedly based? Is the ALJ suggesting that Dr. Schwartz's opinion is also based merely on Plaintiff's subjective allegations? Each of these issues must be addressed on remand if the Commissioner is to discount Dr. Schwartz's opinion. The decision does not reveal that substantial evidence supports the ALJ's evaluation of the medical opinions.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 29th day of January 2015, at Kansas City, Kansas.

             s:/ John W. Lungstrum
             **John W. Lungstrum**
             **United States District Judge**